

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

CASE NO.: _____

|  |  |  |
|---|---|---|
| GLORIA JEAN SYKES; and, M.G.S., an 'adult-ward' under guardianship by next-friend(s) Timothy J. Lahrman and Gloria Jean Sykes | ) ) ) ) | |
| Plaintiff(s) | ) ) | 14CV7459 JUDGE DOW JR. MAG. JUDGE VALDEZ |
| Vs. | ) ) | |
| COOK COUNTY CIRCUIT COURT PROBATE DIVISION; AICHA M. MACCARTHY, JUDGE; TIMOTHY EVANS, CHIEF JUDGE; CAROLYN TOERPE as guardian of and for M.G.S.; ILLINOIS OFFICE OF ATTORNEY GENERAL LISA MADIGAN; STATE OF ILLINOIS, GOVERNOR PAT QUINN | ) ) ) ) ) ) ) ) ) | **FILED** SEP 2 5 2014 Sep 25 2014 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |
| Defendant(s) | ) | |

**VERIFIED PETITION/COMPLAINT FOR DECLARATORY JUDGMENT**
**INJUNCTIVE RELIEF AND DAMAGES**

COME NOW Plaintiffs and next-friends, *pro se*, who, relying upon *Haines v. Kerner*,

404 U.S. 519 (1972) and for this verified petition and complaint, deposes says and alleges that;

**INTRODUCTION**

1.      Plaintiffs, Gloria Jean Sykes ("Gloria") and her mother M.G.S. ("M.G.S.) are

'qualified individuals with a disability' within the scope and meaning of Title II of the

Americans' With Disabilities Act 1990 (as amended) ("ADA"), 42 U.S.C. § 12131(2); *see also*

28 C.F.R. § 35.104 – Definitions.

2.      Plaintiff and next-friend Tim Lahrman ("Lahrman") is a 'qualified individual with

a disability' within the scope and meaning of the ADA. *id.*   Lahrman  is an ADA "tester" as

those words and the term are recognized in context of establishing "ADA standing", *see Harty v. Simon Property Group, L.P.*, 428 F. App'x 69, 71 (2nd Cir. 2011).

3.      Defendants, COOK COUNTY CIRCUIT COURT, PROBATE DIVISION; AICHA M. MACCARTHY, JUDGE; TIMOTHY EVANS, CHIEF JUDGE COOK COUNTY CIRCUIT COURT; and, CAROLYN TOERPE as Guardian of and for M.G.S are engaged in a pattern or practice of violating Title II of the Americans' With Disabilities Act 1990 (as amended); Section 504 of the Rehabilitation Act of 1973 and the constitutional rights of qualified individuals with disabilities, the Plaintiffs included, who are involved in, associated with and/or are participants in or beneficiaries of, the services programs and activities of the public entities in the control of and under the supervision of administration the Defendants whether individually and/or collectively.  Defendants' deliberate indifference to both the mandates and prohibitions of the ADA and those constitutional rights at issue causes, has caused and will continue to cause if not restrained, invidious discrimination of disabled persons and irreparable harm, injury and extreme emotional distress to the Plaintiffs and most likely other qualified individuals with disabilities who find themselves interacting with the public entity Defendants.  Accordingly, this Verified Petition/Complaint sets out claims of Defendants' unlawful and discriminatory conduct and/or practices, policies and procedures which discriminate against the disabled and result in depriving qualified individuals with a disability of rights, privileges and immunities secured and protected by the Americans' With Disabilities Act 1990 (as amended) and the Constitution of the United States.

4.      Defendants, ILLINOIS OFFICE OF ATTORNEY GENERAL, LISA MADIGAN; and, STATE OF ILLINOIS the GOVERNOR PAT QUINN represent the Executive Office and the 'people's attorney' who are both charged with the duty and responsibility for establishing and enforcing Illinois public policy, equally, and within the bounds of their

2

constitutional authority. Defendants are named in this matter to answer to a constitutional challenge to the practices, policies, procedures, customs, usages and state laws governing adult guardianship as being a matter of both "probate" jurisdiction" and, as an '*in rem*' judicial proceeding. Disabled persons are not second class citizens, and yet the challenge will be made that, apparently, as these Plaintiff s complain, the disabled are second class citizens in the State of Illinois and in the Cook County Circuit Court.

5. Plaintiffs allege the following based upon first-hand personal experience(s), personal knowledge and other information:

## I: __JURISDICTION AND VENUE__

6. The Plaintiffs are authorized to bring this action pursuant to the Americans' With Disabilities Act 1990 (as amended) ("ADA") and under Title II of the ADA 42 U.S.C. § 12131 *et seq.*, in particular 42 U.S.C. § 12133; *see also* 28 C.F.R. § 35.103 Relationship to other laws; 29 U.S.C. § 794(a)(2); 42 U.S.C. § 12188(a); 28 C.F.R. Part 36 Subpart E – Enforcement, 28 C.F.R. § 36.501(a) Private Suits.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 28 U.S.C. §1343.

8. Venue is proper in this district. The acts and omissions giving rise to this action occurred in the Northern District of Illinois. 28 U.S.C. § 1391(b).

## II: __PARTIES__

9. Plaintiff and next-friend, Gloria Jean Sykes is a citizen of the State of Illinois and resident of Cook County, Illinois.

10. Plaintiff, M.G.S. is a citizen of the State of Illinois and resident of Cook County, Illinois.

11.     Plaintiff and next-friend, Timothy J. Lahrman is a citizen of the State of Indiana and resident of Elkhart County, Indiana.

12.     Defendant, Cook County Circuit Court Probate Division is the public entity responsible for issuing "letters of administration" in "probate matters" in Cook County Illinois. As such the Defendant is responsible for the judicious and ministerial administration oversight and supervision of probate matters brought before it as well as for the acts, conducts, supervision and direction of its employees, agents and appointees.

13.     Defendant A icha M. MacCarthy is an elected and/or appointed public official responsible for the judicious and ministerial administration and supervision of probate matters assigned to the public entity under her supervision and control  as well as the acts, conducts and supervision of those employees, agents and appointees of the public entity under her supervision and control.

14.     Defendant, Timothy Evans Chief Judge, is an elected and/or appointed public official responsible for the administrative and ministerial supervision, control and oversight of all elected or appointed officials, employees, agents and/or appointees acting for, and in the name of, the Defendant public entity Cook County Circuit Court.

15.     Defendant, Carolyn Toerpe is an appointee of the public entity Cook County Circuit Court Probate Division and at all times relevant hereto Toerpre has been in and under the direct supervision control and oversight of those Defendants named above in and under ¶¶ 12-14, and ultimately, in and under the supervision, control and oversight of those Defendants named hereinafter and under ¶¶ 16,17.

16.     Defendant, Illinois Office of Attorney General is a public entity under the direct supervision and control of Lisa Madigan who is responsible for, *inter alia*, the fair, equal and impartial enforcement, administration and oversight of the laws and public policies of Illinois,

4

and for the fair, equal and impartial enforcement, administration and oversight of the same within the bounds and limitations of the U.S. Constitution.

17.     Defendant, State of Illinois is a public entity under the direct supervision and control of Governor Pat Quinn who is responsible for observing, establishing, directing and supervising the departments, agencies, special purpose districts or other instrumentalities of the State and local governments and for their implementation and administration of, and compliance with, Illinois law and public policy, and for the fair, equal and impartial enforcement, administration and oversight of the same within the bounds and limitations of the U.S. Constitution.

18.     At all relevant times, Defendants have acted or failed to act, as alleged herein, under color of Illinois state law and as a public entity within the scope and meaning of the Americans' With Disabilities Act 1990 (as amended) ("ADA"), 42 U.S.C. § 12101 *et seq*. and in particular under Title II of the ADA 42 U.S.C. § 12131(1)(A),(B), *see also* 28 C.F.R. § 35.104 – Definitions.

### III:     FACTUAL ALLEGATIONS

19.     Plaintiff, Gloria Jean Sykes is a family member, friend, associate and companion of her mother M.G.S. who is a qualified individual with a disability.

20.     Plaintiff, M.G.S. is substantially limited in major life activities by virtue of being regarded as, or otherwise has a history of, being adjudicated disabled and placed under the supervision and control of an 'adult guardianship' service, program and activity provided by the Defendant public entity State of Illinois, the same service program and activity which is routinely administered to, accommodated by, and adjudicated under the supervision and control of the services programs and activities of the Defendant public entities Cook County Circuit Court and the "Probate Division" thereof.

21.     At all times relevant hereto M.G.S. is and has been sufficiently mentally alert and capable of expressing herself and had so expressed herself with, among other mediums of communications,  pre-planned advance directives including, without limitations, a durable health care power of attorney, a revocable living trust, and, a choice of action filed under Case No.: 09 OP 2886 pending before the Cook County Circuit Court Domestic Relations Division, captioned as *"Mary G. Sykes v. Carolyn Sykes-Toerpe"*.[1]

22.  Plaintiff, Gloria Jean Sykes is likewise a qualified individual with a disability who is substantially limited in life activities by PTSD and is routinely accompanied in public facilities and places of public accommodation with an ADA working/service dog ("Shaggy").

23.     At all times relevant hereto Gloria Jean Sykes is sufficiently mentally alert to participate in and benefit from the services, programs and activities of the Defendant public entities, and, at all times relevant hereto she has asserted herself such as to: **1).** aid and encourage M.G.S. in the full attainment and enjoyment of her rights as a disabled individual and as a citizen of the United States; and, **2).**  provide her mother (M.G.S.) emotional support and informed perspective concerning the events and occurrences impacting her life as the same involves the Defendant public entities.

24.     Plaintiff, Timothy J. Lahrman ("Lahrman") is a friend and associate of Gloria Jean Sykes and her family friends, associates and companions and a qualified individual with a disability who is substantially limited in major life activities by virtue of being regarded as, or otherwise having a history of, being adjudicated disabled by an Indiana state court in 1987.

---

**1.** Case No.: 09 OP 2886  *"Mary G. Sykes v. Carolyn Sykes-Toerpe"* pre-dates the probate guardianship of M.G.S.

25.     At all times relevant hereto Lahrman is sufficiently mentally alert to participate in, whether as spectator to and/or beneficiary of, the services programs and activities of the Defendant public entities, and at all times relevant hereto he has asserted himself such as to: **1).** aid and encourage both Gloria Jean Sykes and her mother M.G.S. in the full attainment and enjoyment of the rights of M.G.S as a disabled individual and as a citizen of the United States; and, **2).** provide both Gloria Jean Sykes and her mother M.G.S. emotional support and informed perspective concerning the events and occurrences impacting M.G.S. as the same involves the services programs and activities provided by the Defendant public entities.

26.     Lahrman is a frequent visitor to Chicago and when in Chicago he routinely participates in the services programs and activities of the Defendant Cook County Circuit Court and in various venues including, without limitations, the "Probate Division". In addition, and by virtue of his association with Gloria Jean Sykes and their mutual advocacy interests and efforts involving 'adult guardianship' and disability rights issues, Lahrman has routinely and frequently accompanied Gloria Jean Sykes and her service dog into public facilities, both state and federal, and various places of public accommodation across the country.

27.     At all times relevant hereto the Defendant public entity State of Illinois, by and through its legislative enactments, public policy and the Defendant public entity Cook County Circuit Court, provides those necessary services, programs and activities to Illinois citizens needing relevant services as are necessary to adjudicate and accommodate the orderly resolution of the peoples' disputes and the public's relevant legal needs.

28.     At all times relevant hereto the Defendant public entity State of Illinois, by and through its legislative enactments and public policies provides 'adult guardianship' services, programs and activities to Illinois citizens, and at all times relevant hereto the Defendant public entity Cook County Circuit Court Probate Division, by and through the delivery of its services

programs and activities, facilitates, aids and accommodates the delivery of the State's adult guardianship program s, services and activities to those needing residents of Cook County Illinois.

29.     At all times relevant hereto the Defendant public entity State of Illinois and , whether directly and/or indirectly, the Defendant public entity Cook County Circuit Court are recipients of federal funding and federal financial assistance.

30.     On June 9, 2009, Mary G. Sykes commenced Case No.: 09 OP 2886 seeking an order of protection against Carolyn Toerpe in the Domestic Relations Division of the Cook County Circuit Court.

31.     On July 20, 2009 and while named as the party Respondent on a petition for a domestic violence order of protection, Carolyn Toerpe petitioned the Defendant public entity Cook County Circuit Court Probate Division for an order appointing her (Toerpe) as guardian of Mary G. Sykes and her estate.

32.     On or about December 10, 2009 and by agreement between Toerpe, legal counsel for Toerpe and the assigned guardian ad litem(s), the Defendant public entity Cook County Circuit Court Probate Division, because of M.G.S.'s disability and so as to accommodate providing adult guardianship services programs and activities to M.G.S., appointed Defendant Toerpe as guardian of and for Plaintiff M.G.S. and her estate.[2]

33.     At all times relevant hereto Defendant Toerpe, as appointed guardian, possessed and possesses an inherent conflict of interest precluding her to act, and has likewise failed and

---

2. Previously, because of Mary's alleged disability and in order to accommodate providing and delivering its services, programs and activities, the Defendant public entity Cook County Circuit Court Probate Division appointed two (2) guardian ad litems.

refused to act, when acting was required by her duty to protect and preserve the rights and interests of M.G.S., including, without limitations, protecting and preserving the rights of M.G.S. as a qualified individual with a disability as those rights are granted and protected by the Americans' With Disabilities Act 1990 (as amended).

34.    At all times relevant hereto and to date herein M.G.S. has been secreted and kept from court by Defendant Toerpe who has likewise; **i).** forcibly removed M.G.S. from her Cook County Illinois home of fifty (50) years; and, **ii).** secreted and isolated M.G.S. from any and all contact and  free association and privacy with other family members and/or siblings, friends, companions and past associations whether purely social, business, or otherwise.

35.    On August 27, 2014, Plaintiff Gloria Jean Sykes submitted to and filed with the Defendant public entity Cook County Circuit Court Probate Division a "Verified Request For Reasonable Accommodations, Modifications and Auxiliary Aids and Services". (Exhibit A)

36.    On or about August 28, 2014, Plaintiff Gloria Jean Sykes submitted to Defendant Timothy Evans, Chief Judge Cook County Circuit Court a "Freedom of Information" request, as the same related to, involved and concerned the Defendant public entity's compliance with the Americans' With Disabilities Act 1990 (as amended). (Exhibit B).[3]

37.    On September 4, 2014 and at approximately 9:30 a.m., Plaintiff Gloria Jean Sykes entered the public facilities of the Defendant public entity Cook County Circuit Court – the Daley Center building – and as has been her routine and custom for years the Cook County Sheriff's Department – serving as security for the public facility – accommodated Gloria's entry into the public facility accompanied with her ADA working/service dog.  Once in the public facility Gloria and her service dog made their way unimpeded through the facility and ultimately

---

3.  An identical request was likewise submitted to the Supreme Court of Illinois Administrative Office of the Illinois Courts. (Exhibit C)

to Room 1804 where Defendant Aicha M. MacCarthy was presiding over the 10 a.m. 'call' in the

Defendant public entity Cook County Circuit Court Probate Division.  Scheduled in the Clerk's

Office on August 27, 2014 and subject of the September 4, 2014 10 a.m. 'call' was the "Verified

Request For Reasonable Accommodations, Modifications and Auxiliary Aids and Services" filed

by Plaintiff Gloria Jean Sykes in her mother's adult guardianship cause.[4]

     38.    Arriving at Room 1804 on the morning of September 4, 2014, Plaintiff Gloria

Jean Sykes was met by a friend who was waiting for Gloria's arrival, the two entered Room 1804

together and seated themselves on the right side of the room appropriately on the benches.

Gloria signed in with courtroom security and returned to her seat, all without incident.  Moments

later Plaintiff Timothy J. Lahrman entered Room 1804, he seated himself on the left side of the

room and moments later Ken Ditkowsky arrived and he too took his place on the left side of the

courtroom.  Among those other persons present in Room 1804 was Attorney Peter Schmiedel

and Attorney/ GAL Adam Stern.  Minutes later and in due course all in the room were ordered to

rise and into the courtroom  came Defendant Aicha M. MacCarthy who took the bench and

abruptly, without even a salutation,  announced, "Mary Sykes case".   Attorney Schmiedel and

Attorney/GAL Stern were first to approach the bench while Gloria gathered her papers and

commanded her service dog.  Once at the bench Defendant MacCarthy immediately, angrily and

indifferently began to interrogate Gloria about the presence and qualifying criteria of her service

dog Shaggy.  The interrogation of Gloria persisted for several minutes at the conclusion of which

Defendant MacCarthy expelled Gloria and her service dog from the room – banned forever –

and, the  "Verified Request For Reasonable Accommodations, Modifications and Auxiliary Aids

and Services" was ordered "stricken". (Exhibit D)

---

**4.** Case No.: 2009 P 4584 is the probate adult guardianship matter involving M.G.S.

39.     The "Verified Request For Reasonable Accommodations, Modifications and Auxiliary Aids and Services" subject of the proceedings before Defendant MacCarthy on September 4, 2014, was not a request to accommodate Gloria and her service dog Shaggy, and Gloria made no request of Defendant MacCarthy for accommodations under the ADA. Gloria's ADA accommodation was provided to her by the Cook County Sheriff's Department and Cook County Circuit Court security when Gloria entered the public facility with her service dog.

40.     Following the events and occurrences of September 4, 2014 involving Defendant MacCarthy and the Defendant public entity Cook County Circuit Court Probate Division, Gloria, her service dog, Plaintiff Lahrman, Ken Ditkowsky and Gloria's friend Kat all remained in the facility and were ultimately joined by Scott Evans in the Cook County law library on the 29th floor of the Cook County Circuit Court facility/Daley Center, all without incident.[5]

41.     On or about September 3, 2014, Defendant Timothy Evans, Chief Judge of the Cook County Circuit Court replied to the "Freedom of Information" request submitted to him on or about August 28, 2014 and referred to herein and above at ¶ 36 (Exhibit E), and on September 18, 2014 the Illinois Supreme Court Administrative Office of the Illinois Courts submitted its reply to the request referenced in the above ¶ 36 and at fn. #3. (Exhibit F)

42.     As it relates to the American's With Disabilities Act 1990 (as amended) and the Defendant public entities State of Illinois and Cook County Circuit Court, Plaintiff Gloria Jean Sykes has sought ADA guidance and information from and has had ADA communications with various agents of the Defendant public entities , the result of which leads her, and others, to the

---

**5.** Never before September 4, 2014 has the presence of Gloria's service dog been an issue within the public facilities of the Cook County Circuit Courts and/or the Daley Center, and in fact Gloria's service dog has routinely, and when necessary, accompanied Gloria into other courtrooms and the various Clerk's offices located throughout the public facility.

conclusion that the Defendant public entities are indifferent to their required compliance with the mandates and prohibitions of the Americans' With Disabilities Act 1990 (as amended), in particular those mandates and prohibitions expressly provided under Title II of the Act.

43.     At all times relevant hereto the Defendant public entities are/were uniquely capable of finding the applicable regulations technical assistance, and caselaw and recognizing the substantial likelihood of violating the federally protected rights of the Plaintiffs.

44.     Additional facts will be provided below as necessary.

**COUNT I**

**DEFENDANT PUBLIC ENTITY STATE OF ILLINOIS**

Plaintiffs reiterate and incorporate by reference the above and foregoing ¶¶ 1- 44 and for this claim under Count I allege as follows that;

45.     The Defendant public entity, in violation of 42 U.S.C. § 12132 and those implementing regulations relevant thereto, *see* 28 C.F.R. Part 35, systemically discriminates against the disabled as a class, and have, because of her disability, discriminated against Plaintiff M.G.S. as a qualified individual with a disability and against Plaintiff Gloria Jean Sykes because of her association and companionship with her mother, M.G.S.

46.     The practice, policies, procedures, customs and usages of the Defendant public entity State of Illinois to assign the delivery and provisions of its "adult guardianship" services programs and activities to be a matter of "probate" has an undeniable de-humanizing effect and resulting disparate impact upon those who are or who may be disabled and who are or may be subjected to the State's "adult guardianship" services, programs and activities, whether voluntarily or otherwise.

47.     The practice, policies, procedures, customs and usages of the Defendant public entity State of Illinois to assign the delivery and provisions of its "adult guardianship" services programs and activities to be a matter of "probate" systemically discriminates against the 'adult-ward' and relegates the 'adult-ward' disparagingly to legal status of less than a second class citizen.

48.     The practice, policies, procedures, customs and usages of the Defendant public entity State of Illinois to assign the delivery and provisions of its "adult guardianship" services programs and activities to be a matter of "probate", practiced as an *in rem* legal proceeding, systemically discriminates against and disparages those who are or who may be disabled and who are or may be subjected to the State's "adult guardianship" services, programs and activities, whether voluntarily or otherwise, by relegating those who are or who may be disabled and who are or may be subjected to the State's "adult guardianship" services, programs and activities, whether voluntarily or otherwise, to the legal status of being a "thing", a *res.*

49.     The practice, policies, procedures, customs and usages of the Defendant public entity State of Illinois to assign the delivery and provisions of its "adult guardianship" services programs and activities to be a matter of "probate", practiced as an *in rem* legal proceeding, systemically discriminates against and disparages those who are or who may be disabled and who are or may be subjected to the State's "adult guardianship" services, programs and activities, whether voluntarily or otherwise, by relegating those who are or who may be disabled and who are or may be subjected to the State's "adult guardianship" services, programs and activities, whether voluntarily or otherwise, to a non-participant status and treating the adult-ward as if they were dead.

50.     The Defendant public entity State of Illinois, in violation of 42 U.S.C. § 12132,

*see* 28 C.F.R. § 35.130(d) does not provide its "adult guardianship" services programs and

activities in the most integrated setting suitable to the needs of disabled persons and those who

are regarded as disabled persons and who are, whether voluntarily or otherwise, beneficiaries

and/or recipients of the State's "adult guardianship" services.

51.     The Defendant public entity State of Illinois, in violation of 42 U.S.C. § 12132;

28 C.F.R. § 35.130(d) and the clearly established constitutional precedent establishing the

doctrine of 'the least restrictive environment', provides and delivers its "adult guardianship"

services, programs and activities in a most restrictive environment and constrained setting which

has a disparate impact on the disabled individual and which serves to isolate and treat the

disabled beneficiary/recipient disparagingly.

52.     The Defendant public entity State of Illinois has no express policy, regulation,

directive, system or process, for guiding, informing, directing and/or supervising its agents,

employees, political subdivisions, departments or other divisions, branches or instrumentalities,

with regard to their respective duties to implement and comply with the mandates and

prohibitions expressly provided for under Title II of the Americans' With Disabilities Act 1990

(as amended), *see also*, 28 C.F.R. Part 35.

## COUNT II

**DEFENDANT AICHA M. MACCARTHY AND THE DEFENDANT PUBLIC ENTITY
COOK COUNTY CIRCUIT COURT PROBATE DIVISION**

Plaintiffs reiterate and incorporate by reference the above and foregoing ¶¶ 1- 52 and for

this claim under Count II allege as follows that;

A:
**SEPTEMBER 4, 2014**

53.     On September 4, 2014 Defendant Aicha M. MacCarthy and the Defendant public

entity Cook County Circuit Court Probate Division under her supervision and control did, in

violation of 42 U.S.C. § 12132, *see* 28 C.F.R. § 35.130(b)(8), impose and apply eligibility

criteria to screen out Gloria and her service animal for reasons other than those set forth in 28

C.F.R. § 35. 136(b)(1),(2) and to likewise limit and deny Gloria the benefit of an accommodation

for her service animal already provided her by the Cook County Sheriff's Department who serve

as security for the Cook County Circuit Court public facility/Daley Center, 28 C.F.R. § 35.130

(b)(1)(vii), *see also* 28 C.F.R. § 35.136(g).

54.     Defendant Aicha M. MacCarthy and the Defendant public entity Cook County

Circuit Court Probate Division under her supervision and control did, in violation of 42 U.S.C. §

12132, because of her association with M.G.S. in violation of 28 C.F.R. § 35.130(g) and in

violation of 28 C.F.R. § 35.130(a), exclude Plaintiff Gloria Jean Sykes and because of her

disability excluded Plaintiff M.G.S. from participation in and benefiting from the services

programs and activities of the public entity as the same were being provided on September 4,

2014.

55.     Defendant Aicha M. MacCarthy and the Defendant public entity Cook County

Circuit Court Probate Division under her supervision and control did, in violation of 42 U.S.C. §

12132 and 28 C.F.R. § 35.136(f), exceed the bounds of permissible inquiry regarding the nature

and extent of Gloria's disability and the qualification criteria of her service dog.

56.     Defendant Aicha M. MacCarthy and the Defendant public entity Cook County

Circuit Court Probate Division under her supervision and control did, in violation of 42 U.S.C. §

12132, 28 C.F.R. § 35.136(a), fail to modify its policies practices and procedures to permit Gloria's use of her service dog, and has, in violation of both 28 C.F.R. § 35.130(b)(7) and 28 C.F.R. § 35.160(a)(1) failed to make reasonable modifications in policies, practices and procedures when such modifications were necessary to avoid discriminating against both M.G.S. and Gloria and likewise failed to take appropriate steps to ensure that communications with M.G.S. and Gloria are/were equally effective as are/were the communications of others appearing before the Defendant public entity on September 4, 2014.[6]

57.     On September 4, 2014 Defendant Aicha M. MacCarthy and the Defendant public entity Cook County Circuit Court Probate Division under her supervision and control did, in violation of 42 U.S.C. § 12132, 42 U.S.C. § 12203(a),(b), and 28 C.F.R. § 35.134(a),(b) retaliate against, threaten and intimidate, Plaintiff Gloria G. Sykes on account of; **a).** her opposition to acts made unlawful by the ADA and her efforts to aid and encourage her mother, M.G.S., with attaining and enjoying fully those of her rights provided in and protected by Title II of the Americans' With Disabilities Act 1990 (as amended); and, **b).** for her exercising the same ADA rights on and for her own behalf, benefit and enjoyment.

58.     Defendant Aicha M. MacCarthy and the Defendant public entity Cook County Circuit Court Probate Division under her supervision and control did, in violation of 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(v), and 28 C.F.R. § 35.130(b)(3)(i),(ii),(iii), aid and perpetuate and has aided and perpetuated the discrimination of both M.G.S. and Gloria by providing significant assistance to an agency, organization and person(s) that discriminates on the basis of disability in providing aids, benefits and services to M.G.S. as a beneficiary of the Defendant public entity's

---

**6.** In and during the events of September 4, 2014, Defendant MacCarthy on more than one occasion instructed and demanded that Gloria stop speaking and be quiet.

adult guardianship program, and , by utilizing methods of administration that; **i).** have the effect

of subjecting M.G.S. discrimination; **ii).** that otherwise have the purpose and effect of defeating

and substantially impairing accomplishment of the objectives of the Defendant public entity

State of Illinois's "adult guardianship" programs; and, **iii).** that perpetuates the discrimination of

M.G.S. by another public entity where both public entities are subject to common administrative

control and are agencies of the same State.

59.     At all times relevant hereto both Defendant Aicha M. MacCarthy and the

Defendant public entity Cook County Circuit Court Probate Division were uniquely capable of

finding the applicable regulations technical assistance, and caselaw and recognizing the

substantial likelihood of violating the federally protected rights of the Plaintiffs.

60.     At all times relevant hereto Defendant Aicha M. MacCarthy and the Defendant

public entity Cook County Circuit Court Probate Division acted deliberately and indifferently

toward the federally protected ADA rights of the Plaintiffs named herein and under Count II.

**B:**
**CASE NO.: 2009 P 4585**

Plaintiffs reiterate and incorporate by reference the above and foregoing ¶¶ 1- 60 and

likewise reiterate and incorporate by reference herein those material allegations set forth in the

attached Exhibit A - "Verified Request For Reasonable Accommodations, Modifications and

Auxiliary Aids and Services" - and include hereinafter for this claim under Count II – B to allege

as follows that;

61.     At all times relevant hereto the Defendant public entity Cook County Circuit

Court Probate Division and Defendant Carolyn Toerpe have, in violation of 42 U.S.C § 12132

28 C.F.R § 35.130(a), 28 C.F.R. § 35.130(d) and 28 C.F.R § 35.130(b)(3)(i),(ii), excluded and

isolated M.G.S. from participating in and benefiting from the services programs and activities of

the Cook County Circuit Court Domestic Relations Division in Case No.: 09 OP 2886, and, have

likewise utilized criteria and methods of administration that have the effect of subjecting M.G.S.

to discrimination because of her disability and that have the purpose and effect of defeating and

substantially impairing accomplishment of the objectives of the public entity Cook County

Circuit Court Domestic Relations Division's programs services and activities necessarily sought

by M.G.S. and required for her protection in Case No.: 09 OP 2886.

62.     At all times relevant hereto Defendant Carolyn Toerpe has, as an agent of the

Defendant public entity Cook County Circuit Court Probate Division and in violation of 42

U.S.C. § 12132 and 28 C.F.R. § 35.130(d), failed and refused deliberately to provide her services

Programs and activities as guardian in the most integrated setting appropriate to the needs of

M.G.S.

63.     At all times relevant hereto Defendant Carolyn Toerpe has, as an agent of the

Defendant public entity Cook County Circuit Court Probate Division and in violation of 42

U.S.C. § 12132, 28 C.F.R. § 35.130(d), 42 U.S.C. § 12203(a),(b) and 28 C.F.R § 35.134(a),(b),

isolated M.G.S. from her family, friends, companions and associates as a means of retaliating

against, threatening, coercing and  intimidating those same family members, friends,

companions and associates who have opposed the acts and conducts of the Defendants made

unlawful by Title II of the Americans' With Disabilities Act 1990 (as amended) and who have

likewise sought to aid and encourage M.G.S. in the full attainment and enjoyment of her rights as

the same are provided in and protected by Title II of the Americans' With Disabilities Act 1990

(as amended) and 28 C.F.R. Part 35.

64.     At all times relevant hereto the Defendant public entity Cook County Circuit

Court Probate Division has, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.160(c)(1),(2),

18

required M.G.S. to rely on another adult to facilitate her communications with the Defendant public entity Cook County Circuit Court Probate Division who has impermissibly relied on the other individual without the express request from M.G.S that the other individual facilitate her communications.

65.     At all times relevant hereto Defendant Carolyn Toerpe has, as an agent of the Defendant public entity Cook County Circuit Court Probate Division facilitated by the same and in violation of 42 U.S.C. § 12132, 28 C.F.R. § 35.130(g), 42 U.S.C. § 12203(a),(b) and 28 C.F.R § 35.134(a),(b), discriminated and retaliated against both M.G.S. and Plaintiff Gloria Jean Sykes and have likewise threatened and intimidated Gloria with the use of coercive means and unlawful acts designed to maliciously and  punitively oppress and cause direct harm and irreparable injury, both emotional and  financial, to both Gloria and M.G.S., and have done so because of Gloria's opposition to the acts and conducts of the Defendants made unlawful by Title II of the Americans' With Disabilities Act 1990 (as amended) and because Gloria has likewise sought to aid and encourage M.G.S. in the full attainment and enjoyment of her rights as the same are provided in and protected by Title II of the Americans' With Disabilities Act 1990 (as amended) and 28 C.F.R. Part 35.

66.     Plaintiffs restate and again allege, incorporated by reference to the attached Exhibit A, all material allegations made against the Defendant public entity Cook County Circuit Court probate Division as stated in the "Verified Request For Reasonable Accommodations, Modifications and Auxiliary Aids and Services" Exhibit A.

67.     At all times relevant hereto the Defendant public entity Cook County Circuit Court Probate Division and each of its predecessors before Defendant MacCarthy and its agents were uniquely capable of  finding the applicable regulations technical assistance, and caselaw

and recognizing the substantial likelihood of violating the federally protected rights of the Plaintiffs.

68.     At all times relevant hereto the Defendant public entity Cook County Circuit Court Probate Division and each of its predecessors before Defendant MacCarthy and its agent Defendant Toerpe have acted, both individually and collectively, deliberately and indifferently toward the federally protected ADA rights of the Plaintiffs named herein and under Count II.

## COUNT III

### DEFENDANT TIMOTHY EVANS, CHIEF JUDGE
### COOK COUNTY CIRCUIT COURT

Plaintiffs reiterate and incorporate by reference the above and foregoing ¶¶ 1-68 and for this claim under Count III allege as follows that;

69.     Defendant Timothy Evans is the Chief Judge of the Defendant Cook County Circuit Court and in his administrative capacity as Chief Judge the Defendant is tasked with the affirmative duty to administratively guide, regulate and supervise the administration and conducts of the Defendant public entity Cook County Circuit Court in its entirety and including, without limitation, the Defendant public entity Cook County Circuit Court Probate Division.

70.     Among the affirmative duties of Defendant Evans referred to in the foregoing ¶ 69, in particular and relevant hereto, is/was the affirmative duty to put in place appropriate administrative policies, directives, practices and supervisory controls necessarily required to implement the federal regulations governing the Americans' With Disabilities Act 1990 (as amended), and to likewise put in place appropriate administrative policies, directives, practices and supervisory controls necessarily required to ensure that the public entity under his administrative supervision and control is in compliance with, and not indifferent to, the national

public policy against disability discrimination as expressly set forth by the U.S. Congress and as expressly set forth by the mandates and prohibitions in and under Title II of the Americans' With Disabilities Act 1990 (as amended).

71.     The Defendant public entity Cook County Circuit Court, under the supervision and control of Defendant Timothy Evans, is not in compliance with, and is in fact wholly indifferent to, those mandates and prohibitions of the Americans' With Disabilities Act 1990 (as amended) and as the same are applicable to the public entity under the Defendant's supervision and control.

72.     At all times relevant hereto the Defendant Chief Judge Timothy Evans has been uniquely capable of finding the applicable regulations technical assistance, and caselaw and recognizing the substantial likelihood that the public entity under his direct supervision and control is violating the federally protected rights of these Plaintiffs, and others.

73.     At all times relevant hereto the Defendant Chief Judge Timothy Evans has acted , and/or failed to act, with deliberate indifference toward the federally protected ADA rights of the Plaintiffs .

74.     At all times relevant hereto Defendant Chief Judge Timothy Evans has possessed actual knowledge of the events and occurrences transpiring in and complained of in the adult guardianship case of M.G.S. as the same is ongoing in the public entity under the Defendant's supervision and control.

## COUNT IV

**DEFENDANT PUBLIC ENTITY ILLINOIS OFFICE OF ATTORNEY GENERAL
DEFENTANT PUBLIC ENTITY STATE OF ILLINOIS**

Plaintiffs reiterate and incorporate by reference the above and foregoing ¶¶ 1-74 and for this claim under Count IV allege as follows that;

75. At all times relevant hereto the Defendant public entities, part and parcel to providing the services, programs and activities of 'adult-guardianship', owed to M.G.S. the common law and constitutional duty to protect M.G.S. and prevent the discrimination, abuse exploitation, and retaliation as has occurred, and as does persist, in the adult-guardianship matter of M.G.S.

76. In addition to the affirmative duties to protect and prevent set forth in the foregoing ¶ 75, the Defendant public entities, in particular and relevant hereto, possessed the affirmative duty to put in place appropriate administrative policies, directives, practices and supervisory controls necessarily required to implement the federal regulations governing the Americans' With Disabilities Act 1990 (as amended), and to likewise put in place appropriate administrative policies, directives, practices and supervisory controls necessarily required to ensure that the public entities under their administrative supervision and control, whether individually and/or collectively, are in compliance with, and not indifferent to, the national public policy against disability discrimination as expressly set forth by the U.S. Congress and as expressly set forth by the mandates and prohibitions in and under Title II of the Americans' With Disabilities Act 1990 (as amended).

77. At all times relevant hereto the Defendants have, in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(A), excluded M.G.S. from participating in and benefiting from the protective and preventative services, programs and activities of the public entity's common law and constitutional duty to protect M.G.S. and prevent discrimination, abuse exploitation, and retaliation as has occurred, and as does persist, in the adult-guardianship matter of M.G.S.

78. At all times relevant hereto Defendant public entities have possessed actual knowledge of the discriminatory events, occurrences acts and conducts transpiring in and

complained of in the adult guardianship case of M.G.S. as the same is ongoing in a public entity under the Defendants' supervision and control.

79. At all times relevant hereto the Defendant public entities are not in compliance with, and are in fact wholly indifferent to, those mandates and prohibitions of the Americans' With Disabilities Act 1990 (as amended) and as the same are applicable to the public entity under the Defendants' administrative supervision and control.

80. At all times relevant hereto the Defendant public entities have been uniquely capable of finding the applicable regulations technical assistance, and caselaw and recognizing the substantial likelihood that the public entities under their direct supervision and control are violating the federally protected rights of these Plaintiffs, and the federally protected rights of other qualified individuals with disabilities.

81. At all times relevant hereto the Defendant public entities have acted , and/or failed to act, with deliberate indifference toward the federally protected ADA rights of the Plaintiffs and the federally protected rights of other qualified individuals with disabilities.

## DAMAGES

82. As the direct and proximate result of the discriminatory and retaliatory acts and conducts complained of herein and under Count(s) 1-IV the Plaintiffs have been deprived of , and will continue to be deprived unless restrained, liberty, rights, privileges, immunities and property without due process of law and likewise denied the same without equal protection under the law.

83. In addition to the deprivation of rights privileges immunities and property as set forth in the foregoing ¶ 82, the Plaintiffs have likewise suffered, and will continue to suffer unless restrained, damages and irreparable injury of significant economic import and, substantial irreparable emotional damage and distress.

## RESERVATION OF RIGHTS

84.     Plaintiffs[7] hereby reserve the right to timely supplement, amend, and/or clarify by recitation, any claims raised or yet to be raised as necessary and warranted.

## VERIFICATION

I/we hereby verify and affirm under the penalties of perjury that the foregoing facts and representations are true and within the best on my personal knowledge.

## DEMAND FOR JURY TRIAL/TRIAL BY JURY

85.     Plaintiffs hereby demand a trial by jury/jury trial on all disputed questions and issues of fact and law so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray as follows;

I:      For an Order from this Court, finding in the affirmative and in favor of Plaintiffs and declaring, as complained of in the foregoing Counts I-IV, that in violation of the Americans' With Disabilities Act 1990 (as amended) and under Title II of the Act the Plaintiff's have been discriminated against and retaliated against by the Defendant public entities both individually and collectively and by the discriminatory practices policies, procedures, customs and usages of the  Defendant public entity's respective services, programs and activities;

---

7.  With regard to the Plaintiff Lahrman, thus far and at the present he has not yet come within or been directly subjected to the authorities and jurisdictions of the Defendant public entities. However, as a friend and associate of Plaintiff Gloria Jean Sykes and as a spectator participating in and observing the relevant services programs and activities of the Defendant public entities, and now, as a readily identifiable qualified individual with a disability, advocate and 'ADA tester', the likelihood that Lahrman will/would come within the reach of the Defendant public entities and their respective authorities and jurisdiction while Lahrman is in Chicago and at present the public facilities of the Defendant public entities and the likelihood that Lahrman would raise and rely on his rights and protections under Title II of the ADA, provides Lahrman with sufficient standing in this matter, albeit at present and under the foregoing ¶¶ 1-84 his individual damages thus far are merely nominal and limited, barring any future retaliation directed toward Lahrman individually and personally.

**II:** For an Order finding in the affirmative and in favor of the Plaintiffs declaring that, as complained of specifically against those individually named Defendants, that the Plaintiffs have been retaliated against by the individual Defendants personally

**III:** For an Order permanently enjoining the Defendant public entities, both individually and collectively, and the Defendant private individuals from engaging in continued and future discrimination of, and/or retaliation against, the Plaintiffs;

**IV:** For an award of compensatory, special and punitive, damages as applicable and as determined by a jury; and,

**V:** for all just and proper relief upon these premises including, without limitation, an Order declaring the practices, policies, procedures, customs and usages of the defendant public entity State of Illinois assigning "adult-guardianship" as being a matter of "probate" as being discriminatory in violation of the Americans' With Disabilities Act 1990 (as amended) and unconstitutional in violation of the clearly established constitutional precedent as the same has long been established by the U.S. Supreme Court in *Scott v. McNeal*, 154 U.S. 54 (1894).

Dated: September 25, 2014

Gloria Jean Sykes, *pro se*
4827 N. Winchester
Chicago, Illinois 60640
(773) 910-3310

Timothy J. Lahrman, *pro se*
3004 Garden Blvd.
Elkhart, Indiana 46517
(312) 613-0900

**EXHIBIT A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

IN RE. THE ESTATE OF MARY G. SYKES  )
 A Disabled Person      ) No. 2009 P 4585
              )
              )

### NOTICE OF MOTION

TO:

| Carolyn Toerpe | Mary G. Sykes | Cynthia Farenga | Adam Stern |
|---|---|---|---|
| c/o Peter Schmiedel | 527 Grimes | 1601 Sherman #200 | 105 W. Adams |
| Fischel & Kahn | Naperville, IL 60565 | Evanston Il., 60201 | #3800 |
| 155 Wacker Dr. #1950 | | | Chicago, IL 60602 |

  PLEASE TAKE NOTICE that on August 27, 2014 I filed the attached VERIFIED REQUESTS FOR REASONABLE ACCOMMODTIONS, MODIFICATIONS AND AUXILLARYY AIDS AND SERVICES with the Clerk of the Probate Division, Richard J. Daley Center, 50 W. Washington, Chicago, Illinois.  I further note that I will present this to the Presiding Judge in courtroom 1404 on September 4, 2014 at 10 a.m., and you may attend.

### CERTIFICATE OF SERVICE

  I hereby certify that I caused a copy of the Notice of Motion, and attached VERIFIED REQUESTS FOR REASONABLE ACCOMMODATIONS, MODIFICATIONS, AND AUXILLARY AIDS AND SERVICES on the above persons by First Class U.S. Mail, postage prepaid, on or before August 28, 2014.

Gloria Jean Sykes
6016 N. Avondale Ave.
Chicago, ILLINOIS 60631
773-910-3310

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

IN RE. THE ESTATE OF MARY G. SYKES    )
    A Disabled Person                         )  No. 2009 P 4585
                                           )
                                         )

### VERIFIED REQUEST FOR REASONABLE ACCOMMODATIONS MODIFICATIONS AND AUXILLARY AIDS AND SERVICES

COMES NOW Gloria Jean Sykes pro se, who, relying upon *Haines v. Kerner*, 404 U.S.

519 (1972) and pursuant to the Americans' With Disabilities Act 1990 (as amended), 42 U.S.C.

§ 12201 *et seq.* and in particular 42 U.S.C. § 12131 *et seq.* [Title II] and those implementing

regulations relevant thereto, *see* 28 C.F.R. Part 35 <u>Nondiscrimination On The Basis Of</u>

<u>Disability In State And Local Government Services</u> (as amended by final rule published on

September 15, 2010), 28 C.F.R § 35.101 *et seq.*, verifies, affirms and requests as follows that;

### I:    FACTS

1.    Mary G. Sykes ("Mary") is a qualified individual with a disability within the

scope and meaning of the Americans' With Disabilities Act 1990 (as amended), *see* 42 U.S.C. §

12131(2); *see also* 28 C.F.R. Part 35 Subpart A – General, 28 C.F.R. § 35.104 Definitions.

2.    Gloria Jean Sykes ("Gloria") is related to and associated with Mary as her

youngest daughter, and as an "interested person" in the above entitled cause.

3.    At all times relevant hereto and since the very inception of the above entitled

cause, Gloria has asserted herself to provide her mother (Mary) with her emotional support and

informed perspective to aid and encourage Mary with attaining and enjoying the full

benefit of Mary's rights including, without limitation, those of Mary's rights as a disabled

1

individual as those rights are afforded to Mary, guaranteed and protected by, the Americans' With Disabilities Act 1990 (as amended).

## II:    <u>ALLEGATIONS</u>

4.      At all times relevant hereto and since the very inception of the above entitled cause, Mary has been the victim of invidious discrimination by the willful and deliberate indifference of the Probate Division of the Cook County Circuit Court, and its appointed agent guardian, in violation of the Americans' With Disabilities Act 1990 (as amended). In particular and as a "public entity" within the scope and meaning of 42 U.S.C. §12131(1), the "Probate Division" and its agent appointed guardian have;

i).      because of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.130(a), excluded Mary from any and all opportunity to participate in the services, programs activities of both, **a).** the Cook County Circuit Court; and, **b).** those of the services programs and activities of the guardianship proceeding under administration in the Probate Division;

ii).      because of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.130(b)(1)(i),(ii),(iii), (v),(vi),(vii); 28 C.F.R. § 35. 130(b)(3)(i),(ii),(iii); 28 C.F.R. § 35.130(b)(5), discriminated against Mary by denying her the opportunity to participate in and benefit equally and effectively from, the aid, benefit and services of both  **a).** the Cook County Circuit Court; and , **b).**  those of the services programs and activities of the guardianship proceeding under administration in the Probate Division.  In addition, the public entity Probate Division has aided and perpetuated the discrimination against Mary by providing substantial assistance to an agency, organization and persons that discriminate on the basis of disability in providing aid, benefit and service to Mary

as a beneficiary of the Probate Division's guardianship services programs and activities; and/or has otherwise limited Mary in the enjoyment of those rights, privileges, advantages and/or opportunities enjoyed by others receiving the aid, benefit and services of both **a).** the Cook County Circuit Court; and, **b).** those of the services programs and activities of "guardianship" including, without limitations, the opportunity to participate in the planning and advisement of her own preferences, autonomy and self-determination while under guardianship;

      **iii).**    in spite of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.130(b)(7), the public entity Probate Division has willfully, deliberately and indifferently failed and refused to make reasonable modifications in the policies, practices and procedures when the modifications are necessary to avoid discrimination of Mary.

      **iv).**    because of Mary's disability and in violation of 28 C.F.R. §35.130(d) the public entity Probate Division and its agent appointed guardian have failed and refused to provide and administer their services to Mary in the most integrated setting appropriate to the needs of Mary;

      **v).**    contrary to the mandates of 28 C.F.R. § 35.130(d), because of Mary's disability and in violation of 42 U.S.C. § 12132, *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.149, the public entity Probate Division and its appointed agent guardian have, by providing their services programs and activities in the most oppressive and restrictive environment, rendered inaccessible and unusable to Mary the facilities of the public entity Cook County Circuit Court and have excluded Mary from participation in and denied Mary the benefit of the services programs and activities of the same public entity.

      **vi).**    because of Mary's disability and in violation of 42 U.S.C. § 12132; *see*

*also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.130(e)(1), the public entity Probate Division has compelled upon Mary an accommodation that she would otherwise choose not to accept, and have, in violation of 28 C.F.R. 35.130(f), surcharged Mary for those accommodations programs and auxiliary aids and services compelled upon her;

vii).    because of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart F – Communications, 28 C.F.R. § 35.160(a)(1)(2), the public entity Probate Division and its appointed agent guardian have failed and refused, deliberately and indifferently, to take appropriate steps to ensure effective communications with Mary and Gloria equal to those communications with others;

viii).    because of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart F – Communications, 28 C.F.R. § 35.160(b)(1), the public entity Probate Division and its appointed agent guardian have failed and refused, deliberately and indifferently, to furnish auxiliary aids and services necessary to afford Mary and Gloria an equal opportunity to participate in and benefits of the services programs and activities of the public entity Cook County Circuit Court and those services programs and activities of the guardianship proceeding under administration in the public entity Probate Division;

ix).    contrary to those mandates of 28 C.F.R § 35.160(a),(b), the public entity Probate Division has, in violation of 28 C.F.R. 35.160(c)(1),(2),(3), required and relied upon the un-facilitated and un-interpreted communications of both Mary and Gloria;

x).    because of Mary's disability and in violation of 42 U.S.C. § 12132; *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R 35.130(g), the public entity Probate Division and its appointed agent guardian have discriminated against both Gloria and Mary because of their association and companionship and have denied to Mary the emotional

4

support and informed perspective of Gloria's participation in the services programs and activities of both the public entity Probate Division and the services programs and activities of the guardianship under administration before the public entity Probate Division;

xi). because of Mary's disability and in violation of 42 U.S.C. § 12132 and 42 U.S.C. § 12203; *see also* 28 C.F.R. Part 35 Subpart B – General Requirements, 28 C.F.R. § 35.134(a), the public entity Probate Division and its appointed agent guardian have; **a).** deliberately and indifferently discriminated against both Gloria and Mary because Gloria has opposed the acts and practices of the public entity Probate Division and its appointed agent guardian which are made unlawful by the Americans' With Disabilities Act; and have likewise, **b).** in violation of 28 C.F.R. § 35.134(b) and because Gloria has asserted herself to aid and encourage Mary in the full attainment and enjoyment of Mary's rights as a qualified individual with a disability, retaliated against both Mary and Gloria by resorting to coercion, threats, intimidation and interference with both Mary and Gloria in the exercise and enjoyment of those rights granted and protected by the Americans' With Disabilities Act and 28 C.F.R. Part 35;

xii). At no time relevant hereto has the public entity Probate Division provided either Mary or Gloria with "Notice" as is required pursuant to 28 C.F.R. § 35.106, nor has the public entity Probate Division disseminated to either Gloria or Mary with information evidencing the entities compliance with 28 C.F.R. § 35.107(a),(b).

5. As the direct and proximate result of the foregoing acts of discrimination and violations of the Americans' With Disabilities Act 1990 (as amended) both Mary and Gloria have been denied and deprived of due process of law and equal protection under the law by the public entity Probate Division and neither Mary nor Gloria can receive a fair, unbiased and prejudice-free process in the venue of the public entity Probate Division.

I hereby verify and affirm under the penalties of perjury that the foregoing facts and representations are true and within the best of my personal knowledge.

## PRAYER FOR RELIEF

**WHEREFORE** and on behalf of both herself and Mary, Gloria Jean Sykes requests that the following reasonable accommodations, modifications and auxiliary aids and services be made and provided;

I:      As a reasonable accommodation and modification of the practices, policies and procedures of the public entity Probate Division and so as to end the discrimination and avoid further discrimination of both Mary and Gloria *see* 28 C.F.R. § 35.130(b)(7), a change of venue and transfer of the above entitled cause to the "Elder Law Division" of the Cook County Circuit Court;

II:      So as to ensure effective communications with Mary going forward and as a reasonable accommodation and necessary step to ensure Mary's full and equal opportunity to participate in, and communicate equally with, those services programs and activities of the necessary public entities going forward, with due regard for 28 C.F.R. § 35.160(b)(2) and the special nature and complexity of the necessarily required communications and so as to ensure Mary's privacy and independence in the matter, an appointment of legal counsel for Mary pursuant to 42 U.S.C. § 2000-e-5(f)(1); and,

III:      For all just, proper and reasonable accommodations, modifications, auxiliary aids and services and relief upon these premises necessarily required to avoid aiding and perpetuating the discrimination of both Mary and Gloria going forward including, without limitations, an appropriate order ensuring to Mary her right to receive, un-impeded and un-

impaired, the emotional support and informed perspective of Gloria.

Dated: August 26, 2014

Gloria Jean Sykes
6016 N. Avondale Ave.
Chicago, IL 60631
773-910-3310

**EXHIBIT B**

August 28, 2014

Judge Timothy C. Evans
Circuit Court of Cook County
Office of Chief Judge
Richard J. Daley Center
55 W. Washington St.
Chicago, Illinois, 60602

RE: Freedom of Information Act Request          Via Certified Mail

Dear Chief Judge Evans,

This is a request under the Freedom of Information Act.

I request that a copy of the following document(s) containing the following information be provided to me:

    1.  The 'self evaluation' report as referred to in 28 C.F.R. § 35.105.

    2.  All published policies, written documents, administrative rules or materials that provide county judges with guidance on compliance with the American's With Disabilities Act ("ACT").

       In order to help to determine my status to assess fees, you should know that I am not only a party in Cook County Court(s), as well as a 'spectator' at many proceedings that involve disabled people, I am also a representative of the news media. This information is part of news gathering, and also, for public knowledge and personal use -- not commercial use.

       I request a waiver of all fees for this request. Disclosure of the information to me is in the public interest because it is likely to contribute significantly to public understanding of the services, programs and activities of Illinois courts.

       Thank you for your consideration of this request. I understand that under FOIA, I should receive this information within 10 working days.

           Respectfully Submitted,

           Gloria Jean Sykes
           773-910-3310

Mail To:
Gloria Jean Sykes
6016 N. Avondale Ave.
Chicago, IL 60631

**EXHIBIT C**

August 28, 2014

Michael J. Tardy
Director
Administrative Office of the Illinois Courts
3101 Old Jacksonville Road
Springfield, IL 62704

RE:  Freedom of Information Act Request                    Via Certified Mail

Dear Mr. Tardy,

This is a request under the Freedom of Information Act.

I request that a copy of the following document(s) containing the following information
be provided to me:

    1.  The 'self evaluation' report as referred to in 28 C.F.R. § 35.105.

    2.  All published policies, written documents, administrative rules or materials
    that provide county judges with guidance on compliance with the American's
    With Disabilities Act ("ACT").

        In order to help to determine my status to assess fees, you should know that I am
not only a party in Cook County Court(s), as well as a 'spectator' at many proceedings
that involve disabled people, I am also a representative of the national news media. This
information is part of news gathering, and also, for public knowledge and personal use –
not commercial use.

        I request a waiver of all fees for this request.  Disclosure of the information to me
is in the public interest because it is likely to contribute significantly to public
understanding of the services, programs and activities of Illinois courts.

        Thank you for your consideration of this request.  I understand that under FOIA, I
should receive this information within 10 working days.

                                Respectfully Submitted,

                                Gloria Jean Sykes
                                773-910-3310

Mail To:
Gloria Jean Sykes
6016 N. Avondale Ave.
Chicago, IL 60631

**EXHIBIT D**

CAL.
15

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ESTATE of
MARY C. SYKES
A Disabled Person

No. 07 P 4585

ORDER

The matter being heard on the Verified Requests for Reasonable Accommodations, Modifications and Auxiliary Aids & Services filed by Gloria Sykes - present in court. Adam Stern, Peter Schmiedel & Gloria Sykes (with her dog)

IT IS HEREBY ORDERED

1. For the reasons stated on the record, Gloria Sykes' motion is stricken without prejudice.

2. Gloria Sykes' cannot return with her dog without leave of court.

Atty. No.: 39156

Name: Adam A. Stern

Atty. for: GAL

Address: 105 W. Adams A. Ste 3800    ENTER:

City State Zip: Chicago IL 60603

Telephone: (312) 551-0430                Judge          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT E**



State of Illinois
Circuit Court of Cook County
Legal Research Division

Timothy C. Evans
Chief Judge

Stephen M. Brandt
Acting Director

69 West Washington, 33rd Fl.
Chicago, Illinois 60602
(312) 603-1971
Fax: (312) 603-9934

email: ocj.chief.gov@cookcountyil.gov

September 3, 2014

Gloria Jean Sykes
6016 N. Avondale Ave.
Chicago, IL 60631-3114

Dear Ms. Sykes,

I am writing in response to your August 28, 2014, letter to the Hon. Timothy C. Evans, which has been referred to me for a response. You have requested various non-public documents (records that are not records of court proceedings) pursuant to the Illinois Freedom of Information Act (FOIA).

The non-public records of the judiciary are not subject to the disclosure requirements of FOIA. The public records of the court are available through the Office of the Clerk of the Circuit Court of Cook County. Information about the court's accessibility accommodations is available on the court's Web site at:

http://www.cookcountycourt.org/HOME/Accessibility/tabid/157/Agg2859_SelectTab/1/Default.aspx

In keeping with the spirit of FOIA, I refer you to Sec. 140/9 (a) of the Act, which provides for review of denials of FOIA requests by a Public Access Counselor whose mailing address is 500 South Second Street, Springfield, Illinois 62706, and may be reached at 312-814-5526 or 1-877-299-3642. The Act also provides for judicial review of denials under Sec. 140/11.

I hope you find the above information to be helpful.

Yours truly,

Stephen M. Brandt

Stephen M. Brandt

Cc:    Hon. Timothy C. Evans

**EXHIBIT F**



## Supreme Court of Illinois
### ADMINISTRATIVE OFFICE OF THE ILLINOIS COURTS

Michael J. Tardy
Director

222 North LaSalle Street, 13th Floor
Chicago, IL 60601
Phone: (312) 793-3250
Fax: (312) 793-1335

September 11, 2014

3101 Old Jacksonville Road
Springfield, IL 62704
Phone: (217) 558-4490
Fax: (217) 785-3905

Gloria Jean Sykes
6016 N. Avondale Avenue
Chicago, Illinois 60631

Dear Ms. Sykes:

I am writing in response to your recent letter to Director Michael J. Tardy requesting copies of the self evaluation report as referred to in 28 C.F.R. §35.105 and documents regarding compliance with the Americans with Disabilities Act under the Freedom of Information Act (FOIA).

Please be advised that FOIA does not apply to state governments. See *Lathrop v. Juneau & Associates, Inc. P.C.*, 220 F.R.D. 322 (S.D. Ill. 2004). Additionally, the Illinois judicial branch of government is exempt from Illinois FOIA (5 ILCS 140/1 *et seq.*). As such, the Administrative Office of the Illinois Courts, which serves as the administrative arm of the Supreme Court of Illinois, is not subject to the FOIA disclosure requirements. See *Copley Press, Inc. v. Administrative Office of the Courts, et. al*, 271 Ill. App.3d 548 (1995).

Sincerely,

Jan B. Zekich
Chief Legal Counsel

JBZ:lae

c: Michael J. Tardy, Director