## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA JEAN SYKES, TIMOTHY J. LAHRMAN, and M.G.S., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14 C 7459 |
| COOK COUNTY CIRCUIT COURT PROBATE DIVISION, AICHA M. MACCARTHY, TIMOTHY EVANS, CAROLYN TOERPE, LISA MADIGAN, STATE OF ILLINOIS, and BRUCE RAUNER | ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) ) | |

## ORDER

For the reasons set forth in the attached statement below, the Motion to Dismiss by Defendants Timothy Evans, State of Illinois, Lisa Madigan, Cook County Circuit Court Probate Division, Bruce Rauner,[1] and Aicha[2] M. MacCarthy (Dkt. 18), the Motions to Dismiss by Defendant Carolyn Toerpe (Dkt. 21, 37), and the Motion to Dismiss by Peter Schmiedel and Fischel & Kahn LP (Dkt. 33) are granted. Because this Court lacks subject matter jurisdiction to hear this case, Plaintiffs' Motion for Appointment of Guardian Ad Litem and for Appointment of Counsel (Dkt. 7), Motion to Disqualify Counsel (Dkt. 27), Motion to Strike (Dkt. 28), and Request to Take Judicial Notice (Dkt. 57) are denied as moot. This case is terminated for lack of subject matter jurisdiction.

## STATEMENT

This law suit duplicates, in large measure, both an earlier case filed by Plaintiff Gloria Jean Sykes in this Court, and a more recent petition she filed in the Probate Division of the Cook County Circuit Court and which was denied by Circuit Court Judge Aicha MacCarthy. In the

---

[1] Bruce Rauner has replaced Pat Quinn as the Governor of Illinois and so has been substituted for Mr. Quinn as a defendant in this case pursuant to Fed. R. Civ. P. 25(d).

[2] The plaintiffs spelled Judge MacCarthy's first name as "Aicha" in the complaint and in the briefs, which the state defendants claim to be an incorrect spelling. Contrary to the state defendants' assertions, however, public records spell Judge MacCarthy's first name as "Aicha." *See, e.g.*, Cook County Clerk's Office, *November 06, 2012 Presidential General Election Results*, http://results1112.cookcountyclerk.com/summary.aspx?eid=110612 (last visited Mar. 10, 2015); *Honorable Aicha Marie MacCarthy, Circuit Judge*, http://www.cookcountycourt.org/ JudgesPages/MacCarthyAichaMarie.aspx (last visited Mar. 10, 2015).

wake of that ruling, Ms. Sykes has essentially reasserted claims that this Court denied in 2012 and that Judge MacCarthy denied in the fall of 2014. In refiling the case in federal court, however, Ms. Sykes, has added a claim that the Circuit Court Judge violated her rights under the Americans with Disabilities Act by ordering her service dog, "Shaggy," to be removed from the courtroom during a hearing. Even though this Court is quite fond of dogs, and can attest for the record that Shaggy comported himself well when he accompanied the plaintiff to a status hearing in this case, the Circuit Court's order barring Shaggy's appearance does not vest this Court with jurisdiction over what evidently remains a contentious dispute between sisters concerning (at least ostensibly) their mother's welfare.

Plaintiffs Gloria Jean Sykes and Timothy Lahrman brought this action on behalf of Ms. Sykes's mother, M.G.S., alleging that during proceedings before the Cook County Circuit Court Probate Division, the defendants have engaged in discriminatory practices in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The complaint also alleges that Cook County Circuit Court Chief Judge Evans is responsible for the Cook County Circuit Court's compliance with the ADA, and is therefore also responsible for the injuries to the plaintiffs and to M.G.S. The complaint includes the allegations that were the subject of Ms. Sykes state court "Motion for Accommodation," which asserted that the State of Illinois, through its Office of Attorney General, "excludes" and "systematically discriminates against and disparages those who are or who may be disabled" in its adult guardianship services, programs, and activities. Compl., Dkt. 1, at ¶¶ 49, 77. The plaintiffs also purport to state claims on behalf of themselves. Ms. Sykes alleges that she is "a qualified individual with a disability who is substantially limited in life activities by PTSD and is routinely accompanied in public facilities and palces of public accommodation with an ADA working/service dog ("Shaggy")." *Id.* ¶ 22. The complaint alleges that Mr. Lahrman is also "disabled," though the nature of his disability is not identified. Defendants Timothy Evans, State of Illinois, Lisa Madigan, Cook County Circuit Court Probate Division, Bruce Rauner, Aicha M. MacCarthy (collectively, the "state defendants") and Defendant Carolyn Toerpe, M.G.S.'s plenary guardian (and also her daughter; Ms. Sykes is Ms. Toerpe's sister),[3] moved to dismiss this case for lack of jurisdiction.[4]

Other than Shaggy's presence, this case is substantially similar to the earlier case filed by Sykes in this Court, *M.G.S. ex rel. Sykes v. Toerpe*, No. 11 C 7934 ("*Sykes I*"). In that case, just as in this one, Sykes and and other self-styled "next friends" sought to advance claims on behalf of M.G.S. Particularly relevant to this case, the *Sykes I* complaint alleged, among other things,

---

[3] Carolyn Toerpe, who was appointed as M.G.S.'s plenary guardian in the state court proceedings, is also M.G.S.'s daughter. *See* Toerpe Mem., Dkt. 22, at 3 (describing Toerpe as "the duly appointed guardian for her . . . mother"); Motion to Move [M.G.S.] Home, Dkt. 39-1, at 11 nn.2 & 3 (referring to Carolyn as M.G.S.'s daughter); Order, Dkt. 40-1, at 1–2 (identifying Carolyn Toerpe as "Carolyn Sykes-Toerpe").

[4] The plaintiffs assert in their response brief that the defendants' motions should be denied because they are in default for having failed to timely respond to the complaint. Resp., Dkt. 52, at 1–2. The plaintiffs did not seek entry of an order of default, or file a motion for default judgment, however, so they forfeited any objection to the timeliness of the defendants' responses to the complaint. In any event, the Court would not enter a default judgment for the plaintiffs in a matter in which it concludes that it has no jurisdiction over the claims asserted.

that the defendants were violating the ADA by denying M.G.S. the "meaningful and equal access to the courts and [public] services" and the "occupancy of a residence of her choosing" on account of her disabilities, and employed policies and procedures that violate adult wards' due process rights. Compl., *Sykes I*, No. 11 C 7934, Dkt. 1, at ¶¶ 26–29, 34–35.

In *Sykes I*, this Court dismissed the case for lack of subject matter jurisdiction on two independently sufficient bases: the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction. *See Sykes I*, 2012 WL 3235240, at *2–3 (N.D. Ill. Aug. 6, 2012). This Court applied the *Rooker-Feldman* doctrine, which precludes lower federal courts from reviewing state court judgments, and found that it lacked the jurisdiction to review "the validity of adjudication of M.G.S. as legally disabled, the appointment of Ms. Toerpe as her guardian, and Ms. Toerpe's ongoing management of M.G.S.'s affairs under the authority granted by the probate court." *Id.* at *2 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004)). Under the *Rooker-Feldman* doctrine, courts lack jurisdiction to hear even independent claims that are "inextricably intertwined, *i.e.*, that it indirectly seeks to set aside a state court judgment." *Taylor*, 374 F.3d at 533. Applying this test, this Court held that any claims or prayers for relief brought on behalf of M.G.S. were "inextricably intertwined" with the state court probate judgment establishing M.G.S.'s guardianship, and that *Rooker-Feldman* precluded adjudication of those claims. *Sykes I*, 2012 WL 3235240 at *3 (quoting *Taylor*, 374 F.3d at 533). Further, because Sykes was challenging Toerpe's guardianship over M.G.S. and other probate matters, the Court determined that the probate exception precluded this Court from "elbow[ing] its way" into a contested guardianship case "over which the state court is exercising control." *Id.* (citing *Struck v. Cook County Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)). The Court concluded that Sykes' claims "must be pursued in state court" and dismissed the case. *Id.* at *4. The Seventh Circuit affirmed the dismissal, agreeing that "[t]he allegations in this case are serious, but they belong in state court." *M.G.S. ex rel Sykes v. Toerpe* ("*Sykes II*"), No. 12-3373, Dkt. 19 (7th Cir. Jan. 9, 2013).

In August of 2014, Ms. Sykes again sought to assert claims that the state was violating M.G.S.'s rights under the ADA and that Ms. Toerpe was not adequately protecting M.G.S.'s rights. Heeding the rulings in *Sykes I* and *Sykes II,* however, Ms. Sykes brought her claims in the Probate Division of the Circuit Court of Cook County, filing a "Motion for Reasonable Accommodation." Dkt. 1-A. In that motion, Sykes raised essentially the same ADA claims as the ones asserted in the federal case, alleging that "the Probate Division and its appointed agent guardian" (*i.e.,* Ms. Toerpe) the defendants had discriminated against M.G.S. on account of her disability and had failed to provide reasonable accommodations for M.G.S.'s disability. *Id.* at 2–5. The relief Sykes sought included: (i) transfer of the case from the Probate Division; (ii) appointment of legal counsel for M.G.S.; and (iii) "an appropriate order ensuring to [M.G.S.] her right to receive, un-impeded and un-impaired, the emotional support and informed perspective of Gloria."

The court held a hearing on Sykes' motion on September 4, 2014. Sykes attended the hearing with Shaggy, her service dog. Compl., Dkt. 1, at ¶ 37. At the start of the hearing, Judge MacCarthy immediately inquired into the qualifying criteria of Shaggy. *Id.* at ¶ 38. Unsatisfied with Sykes' response, Judge MacCarthy then ordered Sykes and Shaggy out of her courtroom

and entered an order forbidding Sykes from returning to the court with Shaggy without leave of the court. Order, Dkt. 1-D, at 1. The order did not address the merits of Sykes' motion, but struck the motion without prejudice. *Id.*

After Judge MacCarthy dismissed her motion, Sykes did not (so far as the record reflects) appeal or seek any further remedies in state court. Instead, she returned to federal court to file this action. Here, she has reasserted the claims she set forth in her state court Motion for Accommodation, *see* Compl., Dkt. 1, at ¶ 17–20, which targeted the actions of Ms. Toerpe and the Probate Division. She has added claims against Judge MacCarthy for her actions with respect to Ms. Syke's Motion for Accommodation and her exclusion of Shaggy from her courtroom. Ms. Sykes also tacked on claims against Chief Judge Evans for failing to adequately supervise and control the Probate Division and Judge MacCarthy, and against the State of Illinois, its Governor, and its Attorney General, for failing to prevent the alleged abuses by the state court "in the adult-guardianship matter of M.G.S." *Id.* at ¶ 77.

As in *Sykes I*, the *Rooker-Feldman* doctrine applies here and precludes the Court from adjudicating Ms. Sykes claims on behalf of M.G.S. Sykes and Lahrman are neither M.G.S.'s appointed guardians nor her attorneys (they are not attorneys, period[5]), and—as explained in the Court's opinion dismissing *Sykes I*—adjudicating the claims in the complaint would require this court to ask whether Sykes and any other putative "next friends" are authorized by Federal Rules of Civil Procedure to bring any claims on M.G.S.'s behalf. *See* Fed. R. Civ. P. 17. Applying Rule 17 would require asking whether M.G.S. "already is represented by someone who is considered appropriate under the law of the forum state"—in this case, Illinois. *T.W. ex rel Enk v. Brophy*, 124 F.3d 893, 896 (7th Cir. 1997) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1570 (2d ed. 1990)); *see also* Fed. R. Civ. P. 17(b)(1) (capacity to sue or be sued for an individual is determined "by the law of the individual's domicile"). Answering this question would inevitably require reviewing the state court judgments that found M.G.S. legally disabled and that appointed Toerpe as her plenary guardian—a power this Court simply does not have. As state court judgments, they cannot be reviewed by inferior federal courts (such as this Court). *See Rooker*, 263 U.S. at 415–16 (holding that federal courts other than the Supreme Court could not entertain any proceedings to reverse a state court's errors); *Feldman*, 460 U.S. at 486–87 (holding that federal district courts lack jurisdiction to hear allegations that are "inextricably intertwined" with the judgment of a state[6] court); *Taylor*, 374 F.3d at 533 (holding that federal district courts cannot even indirectly "set aside a state court judgment"). And answering this question in the manner that Sykes would like—that is, finding that Sykes, rather than Toerpe, should be permitted to assert claims on

---

[5] Even if Sykes or Lahrman were attorneys, this would not appreciably change the analysis in this case. The Court would still have to determine whether the retained attorney actually has an attorney-client relationship with the disabled person, which would still be inextricably intertwined with the state court judgment finding her to be legally disabled and appointing Toerpe as her guardian.

[6] Technically, the prior court judgment at issue in *Feldman* was one of a court of the District of Columbia, and not a state, but the reasoning of the *Feldman* opinion applies to state courts as well. *See, e.g.*, *Taylor*, 374 F.3d at 533 (applying *Rooker-Feldman* in Illinois); *T.W.*, 124 F.3d at 896 (applying *Rooker-Feldman* in Wisconsin).

behalf of M.G.S.—would effectively overrule the state court's judgment appointing Ms. Toerpe as her mother's guardian. *Rooker-Feldman* bars such review of state court judgments by federal trial courts.

In affirming this Court's ruling in *Sykes I*, the Seventh Circuit agreed that the *Rooker-Feldman* doctrine bars Sykes' attempt to litigate ADA (and other) claims on behalf of her mother in lieu of the court-appointed guardian. *Sykes II*, slip op. at 2 ("As the district court noted, this case is governed by our decision in *Struck*."). Sykes does not address the Court's prior ruling, though she does argue that *Rooker-Feldman* does not bar her claims because there is no final judgment in the state probate proceeding and because she does not characterize this case as challenging the state court judgment. Pl.'s Resp., Dkt. 52, at 4. Sykes' first argument, that the state court order was not final, is unavailing both because it misapprehends the order that gives rise to the application of the doctrine (it is the order appointing Toerpe as guardian, not Judge MacCarthy's denial of her Motion for Accommodation) and because in any event *Rooker-Feldman* can apply to interlocutory as well as final orders. *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003). Sykes' second argument, that she does not challenge any state court judgments, is a conclusion of law regarding whether her instant claims are "inextricably intertwined" with the state court guardianship order. As discussed, asking who may properly litigate claims on M.G.S.'s behalf is a question inextricably intertwined with the state court orders appointing Toerpe as M.G.S.'s plenary guardian.

Moreover, even if there were no state court judgment already in place, this Court, as a federal court, would still lack jurisdiction to decide questions of domestic relations under the probate exception. Federal courts have no power to decide probate matters, such as the contested guardianship or custody issues that arise in a Rule 17 analysis. *See Struck*, 508 F.3d at 859–60 (holding that the probate exception to federal jurisdiction applies to adult children challenging state court custody decisions relating to a legally disabled parent); *T.W.*, 124 F.3d at 897 (requiring the "would-be next friend who is not the [disabled] plaintiff's general representative to seek appointment in state court as a guardian ad litem in the federal suit"). This analysis applies to all claims on behalf of M.G.S.—whether the claims relate to the probate proceedings or not or whether the claims arose before or after the probate court's appointment of special or general guardians. For these reasons, this Court lacks the power to hear any claims brought on M.G.S.'s behalf by anyone other than her state-court-appointed guardians. Neither Sykes nor Lahrman are M.G.S.'s guardians, so they may not assert claims in this Court on behalf of M.G.S., without first being appointed as guardians ad litem *by an Illinois state court*. All claims asserted on behalf of M.G.S., then, must therefore be dismissed for lack of subject matter jurisdiction. Counts I, II-B, III, and IV are dismissed for this reason.[7]

---

[7] Sykes and Lahrman have filed a "supplemental complaint" purporting to add a claim for a violation of the Fair Housing Act, 42 U.S.C. § 3617, against Toerpe and her attorneys without first seeking leave of the Court, as required by Fed. R. Civ. P. 15(d). The "supplemental complaint" is therefore inoperative. Even if the Court had permitted its filing, however, the new theory would not cure the jurisdictional problems of the filed complaint, because it is premised on the same core allegation that Toerpe is not properly fulfilling her role as M.G.S.'s guardian and that Sykes should be permitted to assert claims on her behalf.

Therefore, the Court has jurisdiction here only to the extent that Sykes and Lahrman have asserted any claims in which they have *personally* suffered an "injury in fact" in the form of "an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Such an injury must be "particularized" to the plaintiff and may not be "conjectural or hypothetical." *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Sierra Club v. Morton*, 405 U.S. 727, 740–41 (1972)). In this case, the injuries alleged are violations of statutory rights under the ADA. *See* Compl., Dkt. 1, at ¶¶ 49, 55–58, 61–65, 70–71, 76–79. Thus, in order to survive a motion to dismiss, the complaint must allege that either Sykes or Lahrman were "excluded from participation or denied the benefits of the services, programs, or activities" of a public entity because of their own disabilities. 42 U.S.C. § 12132.

After reviewing the complaint, the Court must dismiss claims asserted by Mr. Lahrman, who has not alleged any injury. Indeed, the complaint concedes that Mr. Lahrman has not suffered any injury. *See* Compl., Dkt. 1, at ¶ 84 n.7 ("With regard to the Plaintiff Lahrman, thus far and as present he has not yet come within or been directly subjected to the authorities and jurisdictions of the Defendant public entities.").[8] Lahrman, an Indiana resident, has previously visited the Circuit Court on several occasions without suffering any discrimination from the defendants. Lahrman gives no indication of when or if he will return to the Circuit Court, or how the court might begin to discriminate against him in the future. This is insufficient to state an imminent injury against Lahrman at all, because standing requires more than just a mere intent to "some day" return to the place where the injury will occur and must allege "concrete plans" describing when the injury will occur. *Lujan*, 504 U.S. at 564.

Which brings us back to Shaggy. Count II-A alleges that Judge MacCarthy and the Cook County Circuit Court improperly discriminated against Sykes because of her disabilities, and retaliated against her for asserting ADA claims on behalf of M.G.S., by barring Shaggy from the courtroom after demanding that Sykes supply proof of both her disabilities and Shaggy's bona fides as a service dog. The cold reception the Circuit Judge allegedly provided to Shaggy does not vest this Court with jurisdiction to hear what remain probate claims. The Circuit Judge's order that Sykes could not remain in the courtroom with Shaggy was entered as part of a probate proceeding and so is inextricably intertwined with that proceeding. Indeed, Sykes maintains that the Probate Court's ruling dismissing her state court petition was issued to retaliate against her for bringing additional claims on behalf of her mother. Compl., Dkt. 1, at ¶ 54 (alleging exclusion "because of her association with M.G.S."); ¶ 57 (alleging retaliation "on account of . . . opposition to acts made unlawful by the ADA and her efforts to aid and encourage her mother . . . with attaining and enjoying fully those of her rights provided in" the ADA). As discussed above, this Court lacks the power to review state court orders under the *Rooker-Feldman* doctrine and the probate exception to federal jurisdiction. Sykes' accommodation claim, in essence, seeks to overturn a state court decision dismissing her petition asserting ADA rights on behalf of M.G.S. and an interlocutory order issued in that proceeding. *See Rooker*, 263 U.S. at 415–16; *Feldman*, 460 U.S. at 486–87; *see also Schmitt*, 324 F.3d at 487 (applying *Rooker-Feldman* doctrine to interlocutory order in divorce proceeding.). And again, the probate

---

[8] In fact, Lahrman, an Indiana resident, has not even outlined "concrete plans" to return to Illinois, much less concrete plans to attend hearings in the Circuit Court of Cook County. *See Lujan*, 504 U.S. at 564.

exception to federal jurisdiction also precludes adjudication of Shaggy's ouster from Judge MacCarthy's courtroom. And if either of these doctrines did not preclude the exercise of jurisdiction by this Court to review Judge MacCarthy's order excluding Shaggy, the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971), would. That doctrine holds that federal courts "must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Strohman Realty, Inc. v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007). This is a judicial matter involving important state interests (the ongoing supervision of a guardianship matter) and the state court is competent to decide issues of federal law; abstention would be appropriate even if the Court had jurisdiction. To the extent that Sykes is aggrieved by the Probate Court's orders, she must seek redress through the state court system before turning to a federal court.

Accordingly, the Court dismisses the complaint for lack of subject matter jurisdiction. The dismissal is without prejudice, in that it does not bar the plaintiffs from asserting their claims in any other forum. It is with prejudice, however, with respect to reasserting these claims in federal court. Further, the Court notes that the plaintiffs have provided no rationale for reasserting ADA claims on behalf of M.G.S. in this Court after the Court's dismissal of the claims in *Sykes I* and the affirmance of that dismissal in *Sykes II*; they appear to have simply ignored the bases of the prior decisions and judgment with respect to those claims. Further attempt to reassert the claims in this Court will prompt the Court to consider imposition of sanctions.

Dated: March 10, 2015

_____
John J. Tharp, Jr.
United States District Judge

7